Battlr J.
 

 When this case was before the court at June Term 1864 it was decided that parol evidence was admissible to show what matters were submitted to arbitration, and what matters were brought to the attention of the arbitrators, and because such evidence had -been rejected in the court below, the judgment was reversed and a
 
 venire de novo
 
 ordered. The question presented in the bill of exceptions on the present appeal is whether the testimony offered by the defendant to show that the plaintiff had committed a
 
 *547
 
 battery upon her whereby she was greatly injured, and which the arbitrators had refused to hear, was pertinent to the matters referred to them. His Honor held in the court below that it was not, and in that we think he erred.
 

 It appears from the terms, of the submission and the facts stated by the arbitrators in their award, that the plaintiff, being- a brother of the defendant, was induced by her to remove from Tennessee where he then resided, and to come and take charge of his sister’s mill in Orange county, North Carolina; that in the course of his management of her business they fell out and quarreled and then agreed to submit the matters in dispute between them to arbitration.
 

 On the trial before the arbitrators the plaintiff’s grounds of complaint were fully heard and considered, and then the defendant offered to prove on her part, that the plaintiff during their business connection committed a battery upon her, but the arbitrators refused to hear the testimony because they considered it to be irrelevant. In our View of the case it was not only relevant, but important. The plaintiff was’ in the employment of the defendant as the manager or keeper of her mill. The business connection between the parties was very much the same as that which exists between an employer and an overseer. As employer the defendant had the right to enquire into the manner in which the plaintiff was conducting her business, and if he were misbehaving himself she had the right to discharge him, and under certain circumstances without pay.
 
 Fly
 
 v.
 
 Armstrong,
 
 5 Jon., 339;
 
 Lane
 
 v. Phillips, 6 Jon., 455. The question what is sufficient cause for a dismissal is one of law.
 
 Hendrickson
 
 v.
 
 Anderson,
 
 5 Jon., 246. And we think an unjustifiable battery of the employer by the manager or overseer would be a sufficient cause for dismissal. At all events it would be a proper matter to be considered in estimating the damages to which the party dismissed was entitled for
 
 *548
 
 having been discharged from his employment. The arbitrators seem to have had a vague idea that the defendant had some claim to compensation for beating, as they said that they had awarded the plaintiff a less amount of damages in consequence of it. It'is strange that this idea had not suggested to them the' inconsistency and injustice of attempting to decide upon the defendant’s claim while refusing to hear her proof to show what it was with all its attendant circumstances.
 

 In estimating the compensation to which the defendant was entitled, for the battery committed upon her, we are not to be understood as including damages for the mere pain which she person may have suffered.
 

 As the arbitrators erred in deciding to reject the defendant’s testimony, for irrelevancy, so the court erred in sustaining their decision. The consequence is that the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 
 Venire de novo.